UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
KRZYSZTOF JAWORSKI individually and on behalf
of all other persons similarly situated,

                      Plaintiff,

   - against -

INTEGRA DEVELOPMENT GROUP, INC., JACOB
WEISS, MEIR NITEKMAN, APRIL BERNSTEIN,
ARTHUR KLEIN, ROBERT ALCARRA and
MIRIAM GESTETNER,

                      Defendants.
------------------------------------------------------------------X

Case No.:

**COMPLAINT**

COLLECTIVE ACTION

JURY TRIAL DEMANDED

Plaintiff, KRZYSZTOF JAWORSKI ("Plaintiff"), on behalf of himself and on behalf of all others similarly situated, by and through his attorneys, Marzec Law Firm P.C., as and for his complaint against the Defendants, INTEGRA DEVELOPMENT GROUP, INC. ("Corporate Defendant"), JACOB WEISS, MEIR NITEKMAN, APRIL BERNSTEIN, ARTHUR KLEIN, ROBERT ALCARRA and MIRIAM GESTETNER ("Individual Defendants") (collectively "Defendants"), alleges as follows:

## NATURE OF THE ACTION

1.    Plaintiff on behalf of himself and on behalf of all others similarly situated brings this action to recover unpaid wages, unpaid overtime wages, liquidated damages and reasonable attorneys' fees under the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 *et seq.*) and the various wage orders promulgated thereunder by the U.S. Department of Labor and codified under 29 C.F.R. § 552 *et seq.* ("FLSA"), New York Labor Law Articles 6 and 19 and various wage orders promulgated thereunder by the New York State Department of Labor and codified at 12 N.Y.C.R.R.§ 137-144 ("NYLL"), and the New York State common law.

1

2. Additionally, this action seeks damages, liquidated damages, and punitive damages arising out of breach of contract and unjust enrichment by certain or all Defendants and against the Individual Defendants for intentionally inducing the Corporate Defendant into violating the employee contract between the Corporate Defendant and the Plaintiff and others similarly situated of wages rightfully earned working for the Corporate Defendant.

3. Plaintiff and others similarly situated employees was employed by the Corporate Defendant but were not compensated in full.

## PARTIES

4. Plaintiff KRZYSZTOF JAWORSKI is a citizen of New Jersey with an address of 132 Maple Ave, Wallington, NJ 07057. He was employed by the corporate Defendant from approximately August 2011 through to June 2021.

5. At all times relevant herein, the Corporate Defendant INTEGRA DEVELOPMENT GROUP, INC. was and is a corporation duly organized under, and existing by virtue of, the laws of the State of New York and having its principal place of business at 34 35th Street, Brooklyn, NY 11232.

6. The Individual Defendants were the employees of the Corporate Defendant and served in the following capacities:

   a. JACOB WEISS all relevant times was and is the Chief Executive Officer of the Corporate Defendant and ultimately charged with payment of wages to Plaintiff and others similarly situated;

   b. MEIR NITEKMAN at all relevant times was and is the site construction supervisor of the Corporate Defendant and was charged with payment of wages to Plaintiff and others similarly situated;

2

c. APRIL BERNSTEIN at all relevant times was and is a supervisor responsible for payroll and other managerial responsibilities for the Corporate Defendant and was charged with payment of wages to Plaintiff and others similarly situated;

d. ARTHUR KLEIN at all relevant times was and is a supervisor responsible for payroll and other managerial responsibilities for the Corporate Defendant and was charged with payment of wages to Plaintiff and others similarly situated;

e. ROBERT ALCARRA at all relevant times was and is a supervisor responsible for payroll and other managerial responsibilities for the Corporate Defendant and was charged with payment of wages to Plaintiff and others similarly situated; and

f. MIRIAM GESTETNER at all relevant times was and is a supervisor responsible for payroll for the Corporate Defendant and was charged with payment of wages to Plaintiff and others similarly situated.

7. The Individual Defendants maintain an address c/o of INTEGRA DEVELOPMENT GROUP, INC., 34 35th Street, Brooklyn, NY 11232.

8. The Individual Defendants are supervisors, managers, officers or directors of the Corporate Defendant responsible for supervising Plaintiff and others similarly situated and hiring and firing employees and are each individually responsible for unpaid wages under Federal and New York Law and otherwise.

9. Individual Defendants are charged with payment of wages to Plaintiff and other similarly situated as a matter of law.

**JURISDICTION AND VENUE**

10. The Court has personal jurisdiction over Corporate Defendant in that Corporate Defendant is domiciled and incorporated in the State of New York, is authorized to do business in the State of New York, and regularly conducts business in New York. Corporate Defendant

3

maintains an office in New York, Kings County and conducts its activities from New York State and within this District.

11. The Court has personal jurisdiction over the Individual Defendants in that they are residents of New York and regularly conduct business in New York, maintain an office in New York and conduct their activities from New York State and within this District.

12. Defendants regularly transact a substantial amount of business and have substantial contacts in New York.

13. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as this action arises under 29 U.S.C. § 207 (FLSA); 28 U.S.C. § 1337 (Regulation of Commerce).

14. This Court has jurisdiction over Plaintiff's state law claims pursuant to U.S.C § 1367, because those claims are related to Plaintiff's federal claims and form part of the same case or controversy.

15. This Court is a proper venue for this action, pursuant to, among other grounds, 28 U.S.C. § 1391 (b) because substantial events or missions giving rise to Plaintiff's claims occurred in this District, and Defendants are domiciled and are residents of this District.

## JURY DEMAND

16. Plaintiff demands a trial by jury of all issues so triable in this action.

## FACTUAL BACKGROUND

17. Defendant INTEGRA DEVELOPMENT GROUP, INC., is a general contractor providing construction services and renovation work for the nursing home industry.

18. Plaintiff was employed as construction worker by Defendants.

19. Corporate Defendant is an employer subject to the FLSA, as Corporate Defendant engages in an enterprise whose annual volume of sales made or business done is not less than $500,000.00, the activities of which affect interstate commerce, in that Corporate Defendant

4

employs workers who provide various services inside and outside of New York and has engaged in interstate and/or international commerce.

20. Upon information and belief, Corporate Defendant employed at least 11 employees during Plaintiff's tenure working for Corporate Defendant.

21. At all relevant times herein, Corporate Defendant operated as an integrated enterprise. Plaintiff and similarly situated employees work interchangeably among Corporate Defendant's construction projects, and Plaintiff and similarly situated employees were subject to the same pay practice.

22. Throughout his employment with Corporate Defendant, Plaintiff tracked his working hours and received payment of wages weekly by check.

23. Plaintiff, and others similarly situated, was entitled to be paid a proper wage for the work done.

24. KRZYSZTOF JAWORSKI was employed by Corporate Defendant from August 2011 through June 2021, and at all times was paid upwards of $32.00/per hour straight time by check.

25. Throughout his employment with Defendants, Plaintiff was never paid all or any overtime hours worked.

26. Plaintiff was also never paid for time spent waiting to be engaged and traveling to the work site.

27. Paystubs that were provided on a weekly basis reflected hours worked in excess of 40 hours per week, all such overtime hours paid at the same straight time rate.

28. Plaintiff, and others similarly situated, were entitled to be paid a proper wage for the work done.

5

29. Despite consistently working in excess of 40 hours per week, Plaintiff (and others similarly situated) was never paid the proper overtime rate according to law of one-and-half times the regular hourly rate for hours worked in excess of 40 hours per week.

30. On average, Plaintiff worked in excess of 40 hours per week.

31. On average, Plaintiff worked approximately 50 or more hours per week.

32. Despite the number of hours worked, Plaintiff and others similarly situated was paid a straight time rate, but never at the proper overtime rate according to law.

33. Plaintiff was paid less than the proper overtime rate of pay according to law.

34. By way of an example only, in a typical week such as March 13-20, 2021, Plaintiff worked in excess of 51 hours but was paid an overtime rate of $32.00 per hour. Plaintiff should have been paid an overtime rate of $48.00 per each hour worked in excess of 40 hours. He was not. During his course of employment over an almost 10 year period, Plaintiff was never paid the proper overtime rate of one-and-half times the regular hourly rate for hours worked in excess of 40 hours per week. Plaintiff was also not paid for travel time to and from the worksite.

35. Upon information and belief, other similarly situated employees were also underpaid and were not paid the proper time and a half for overtime according to law.

36. Plaintiff was to receive prevailing (union) level wages for all or some of the projects he worked on for Defendants. These projects which, upon information and belief, required prevailing (union) level wages, included without limitation: (a) GOLDEN GATE nursing home located in Staten Island, NY; (b) EASTCHESTER nursing home located in the Bronx, NY; (c) ELMHURST nursing home located in Queens, NY; (d) LITTLE NECK nursing home located in Queens, NY; (e) SEAGATE nursing home located in Brooklyn (Coney Island), NY; (f)

6

PINNACLE nursing home located in Bronx, NY; and (g) OCEANSIDE nursing center located in Oceanside, NY.

37. Plaintiff did not receive the proper prevailing union level wages on any of these above-referenced projects.

38. Defendants never paid Plaintiff prevailing (union) level wages for any hours worked at any of the worksites.

39. Instead, Defendants paid Plaintiff only upwards of $32.00 per hour on public and non-public works projects, including only upwards of $32.00 per hour for all overtime hours worked.

40. On public works project, Plaintiff was to be paid union-level prevailing wages.

41. Plaintiff worked on public work projects and nonpublic work projects but was always paid upwards of only $32.00 per hour regardless of the type of work, the job site, or whether it was a public or nonpublic project.

42. The Individual Defendants supervised, managed, and/or were responsible for payment of wages to Plaintiff on all such public work projects, and Individual Defendants knew or should have known that Plaintiff was being paid only upward of $32.00 per hour straight time instead of prevailing union wages of at least $70.00 per hour for straight time and $105.00 per hour for each overtime hour worked.

43. Upon information and belief, an employee's hourly rate for working at such public works projects would be over $70.00 per hour, and in addition to such a higher hourly rate, an employee working at such public works projects would be entitled to many employee benefits, none of which Plaintiff received.

7

44. This failure to pay was motivated by an intention to underpay Plaintiff and others similarly situated.

45. Moreover, Defendants failed to display legally required job site notices concerning state and labor laws.

46. Defendants failed to provide their employees, in writing in English and in the language identified by each employee as the primary language of said employee, a notice containing the rate or rates of pay and basis thereof, in contravention of NYLL § 195(1).

47. Plaintiff lived under constant fear of termination should he speak up to Defendants concerning non-payment of overtime wages.

48. Upon information and belief, other similarly situated employees were treated similiarly as Plaintiff.

**Defendants' Conduct Was And Is Willful And Ongoing**

49. Defendants as employers have certain statutory obligations towards employees, including the requirement of paying employees at the higher overtime premium of one-and-a-half times their regular rate for each hour worked in excess of 40 per week, and to make, keep, and preserve proper payroll records.

50. Defendants knowingly failed to pay Plaintiffs and others similarly situated all of the overtime wages to which they were entitled, and, upon information and belief, to make, keep, and preserve payroll records and hours worked for each employee during the period covered by the claims alleged in this Complaint.

51. Defendants willfully and intentionally created and operated an unlawful pay scheme.

52. As such, the various violations of the law which are alleged herein were committed knowingly, willfully, and intentionally by Defendants.

53. At a minimum, Defendants failed to take the necessary steps to ascertain their duties with respect to the payment of wages to their employees.

54. Upon information and belief these violations are ongoing, as Defendants continue to engage in the wrongful conduct described herein.

**Facts Relating To The Defendants As Employers**

55. At all relevant times herein, Corporate Defendant was and is controlled by Individual Defendants.

56. At all relevant times herein, Individual Defendants acted for and on behalf of Corporate Defendant, with the power and authority vested in them as owners, supervisors, managers, officers and agents of Corporate Defendant, and acted in the course and scope of their duties and functions as agents and officers of Corporate Defendant.

57. At all relevant times herein, Individual Defendants directly managed, supervised, handled, or were otherwise ultimately responsible for, the payroll and/or payroll calculations and/or signing or issuing checks and/or payroll payments to Plaintiff -- or directing payroll through other agents -- and others similarly situated.

58. Individual Defendants had control over the conditions of employment of Plaintiff and others similarly situated, including hiring and firing, work schedules, the rates and methods of payments of wages, and the maintenance of employment records.

59. At all relevant times herein, Individual Defendants had operational control over Corporate Defendant.

60. Corporate Defendant and Individual Defendants are joint employers of Plaintiff and others similarly situated. Accordingly, all Defendants, individually and collectively, and jointly and severally, are liable for claims made herein.

**Facts Relating To Piercing The Corporate Veil Of Integra Development Group, Inc.**

61. Upon information and belief, in conducting the affairs of Corporate Defendant, JACOB WEISS, the Chief Executive Officer of INTEGRA DEVELOPMENT GROUP, INC. and, upon information and belief, the sole shareholder and owner of INTEGRA DEVELOPMENT GROUP, INC., failed to comply with the required corporate formalities, including recordkeeping, governance requirements, and other formalities.

62. Upon information and belief, JACOB WEISS used the assets of Corporate Defendant as his own, and otherwise commingled personal assets with the assets of Corporate Defendant.

63. As alleged herein, JACOB WEISS used Corporate Defendant in order to circumvent a statute or statutes or accomplish other wrongful acts and/or in furtherance of other wrongful or inequitable purposes.

64. Upon information and belief, Corporate Defendant. was used to commit employment violations against Plaintiff and others similarly situated.

65. Corporate Defendant is the alter-ego of JACOB WEISS and as will be established at trial, for the purpose of the claims made by Plaintiff and others similarly situated herein, Corporate Defendant has no separate legal existence from JACOB WEISS. As such, Corporate Defendant and JACOB WEISS individually and collectively, and jointly and severally, are liable for all claims made herein.

## COLLECTIVE ACTION ALLEGATIONS

66. Plaintiff brings this action on behalf of himself and all others current and former employees of Corporate Defendant who did not receive the compensation required by the FLSA and the NYLL and New York common law with respect to his work for Defendants.

67. Upon information and belief, this collective action consists of not less than eleven (11) persons.

68. There are questions of law and fact common to the class, specifically whether the employment of Plaintiff and others similarly situated by Corporate Defendant is subject to the jurisdiction and the wage and overtime requirements of the FLSA and NYLL. Only the amount of individual damages sustained by each former or current employee will vary.

69. Plaintiff and Defendants' other employees are similarly situated insofar as Defendants instituted a policy to not pay Plaintiff and others proper overtime wages and regular wages under the FLSA and NYLL.

70. Plaintiff brings the FLSA and NYLL claims for relief herein individually and on behalf of all others similarly situated as a collective action pursuant to the FLSA and NYLL and common law, in respect to all claims that Plaintiff, and all others similarly situated, have against Defendants as a result of Defendants' violation of the labor laws as complained herein.

## First Claim for Relief
## Breach of Contract

71. Plaintiff repeats and re-alleges each and every previous allegation as if fully set forth herein.

72. Plaintiff and others similarly situated entered into an oral contract with Defendants to supply work in furtherance of Defendants' business in exchange for wages.

73. Plaintiff and others similarly situated, satisfactorily supplied labor and otherwise complied with the terms of his employment agreement with Defendants and was therefore entitled to the wages he earned while working for Defendants.

74. Defendants failed or refused to pay Plaintiff and others similarly situated all of his wages to which he was entitled under his employment agreement.

11

75. Defendants' failure or refusal to pay Plaintiff and others similarly situated all of the wages to which he was entitled under his employment agreement constituted a breach of such employment agreement.

76. By virtue of the foregoing breach of contract by Defendants, Plaintiff and others similarly situated has been damaged in an amount to be proven at trial based upon an accounting of the amount he should have been paid as contemplated by his employment agreement, less amounts he actually was paid, together with interests, costs, disbursements, and attorneys' fees.

## Second Claim for Relief – Unpaid Wages and Overtime
## New York Minimum Wage Act NYLL § 650 et Seq.

77. Plaintiff repeats and re-alleges each and every allegation above as if set forth fully and at length herein.

78. At all times relevant to this action, Plaintiff, and all others similarly situated, was employed by Defendants, within the meaning of the New York Labor Law ("NYLL"), §§ 2 and 651 and the regulation thereunder including 12 NYCRR § 142.

79. Pursuant to the NYLL, Plaintiff, and all others similarly situated, was entitled to payment of wages which Defendants intentionally failed to pay in violation of such laws.

80. Defendants failed to apprise Plaintiff, and all others similarly situated, of his rights under New York Labor Law § 195(3) and New York State Department of Labor Regulations § 142-2.7.

81. Defendants failed to establish, maintain, and preserve for not less than six years, certain payroll records for each employee, in contravention of the New York Labor Law § 194(4) and New York State Department of Labor Regulation § 142-2.6.

82. Pursuant to these labor law violations, Plaintiff, and all others similarly situated, is entitled to recover from Defendants his unpaid wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1).

83. Plaintiff, and all others similarly situated, is also entitled to recover liquidated damages and civil penalties for an amount equal to one hundred percent of the total such underpayments found to be due.

84. Due to Defendants' New York Labor Law violations, Plaintiff, and all others similarly situated, is entitled to recover from Defendants his unpaid overtime wages, maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to NYLL § 663(1).

85. Wherefore, Plaintiff demands a money judgment in an amount to be proven at trial, individually and collectively, for all other similarly situated employees.

### Third Claim for Relief – Unpaid Wages and Overtime
### Fair Labor Standards Act – 29 U.S.C. 201 et Seq.

86. Plaintiff repeats and re-alleges each and every allegation above as if set forth fully and at length herein.

87. Plaintiff, and all others similarly situated, for all times relevant to this Complaint, employed by Defendants.

88. At all times relevant herein, Defendants were engaged in commerce and/or in professional services for commerce and/or Defendants constituted an enterprise engaged in commerce within the meaning of the FLSA, including 29 U.S.C. § 207(a).

89. At all times relevant herein, Defendants failed and willfully failed to pay Plaintiff and all others similarly situated wages due in violation of 29 U.S.C. § 207.

90. At all times relevant herein, Defendants failed and willfully failed to pay Plaintiff, and all others similarly situated, proper wages, including overtime wages.

91. At all times relevant to this Complaint, Defendants had a policy of willfully failing to make proper wage payments.

92. As a result of Defendants' failure to compensate Plaintiff, and all others similarly situated, Defendants have violated and continue to violate FLSA 29 U.S.C. §§ 201 et seq., including 29 U.S.C. § 207(a)(1) and § 215(a), as well as 29 U.S.C. §§ 201 et. seq., including 29 U.S.C. § 211(c) and § 255(a).

93. Defendants conduct as alleged herein constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

94. As result of the Defendants' failure to properly credit, record, report and/or compensate Plaintiff, and all others similarly situated, and violated other conditions and practices of employment in violation of the FLSA 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 211(c) and 215(a).

95. Defendants have failed to properly disclose or apprise Plaintiff, and all others similarly situated, of his rights under the FLSA.

96. As a direct and proximate result of the Defendants' violation of the FLSA, Plaintiff, and all others similarly situated, is entitled to liquidated damages pursuant to the FLSA.

97. Plaintiff, and all others similarly situated, is entitled to an award of reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

98. Plaintiff, and all others similarly situated, seeks a judgment for unpaid wages, as well as an award of liquidated damages, attorneys' fees, interest and costs as provided by the FLSA.

99. Due to Defendants' FLSA violations, Plaintiff, and all others similarly situated, is entitled to recover from Defendants his unpaid compensation, an additional equal amount as liquidated damages, attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

100. Wherefore, Plaintiff demands a money judgment in an amount to be proven at trial, individually and collectively, for all other similarly situated employees.

### Fourth Claim for Relief
### Quantum Meruit

101. Plaintiff repeats and re-alleges each and every allegation above as if set forth fully and at length herein.

102. Plaintiff, and all others similarly situated, performed work and services for Defendants.

103. Plaintiff, and all others similarly situated, had a reasonable expectation of payment for the hours worked for the Defendants.

104. Defendants failed to remunerate Plaintiff for all of hours worked.

105. Plaintiff, and all others similarly situated, is entitled to be paid for a reasonable value for services rendered, less the amounts paid to them, together with an award of interest, costs, disbursements and attorneys' fees.

106. Wherefore, Plaintiff demands a money judgment in an amount to be proven at trial, individually and collectively, for all other similarly situated employees.

### Fifth Claim for Relief
### Declaratory Judgment

107. Plaintiff repeats and re-alleges each and every allegation above as if set forth fully and at length herein.

108. Plaintiff demands a declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. § 201 et seq., NYLL – 12 NYCRR § 142 and Article 6 of the NYLL § 190 et seq.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests that this Court grant the following relief:

(1) As to the First Claim for Relief, award Plaintiff damages arising out of the breach of contract;

(2) As to the Second Claim for relief, award Plaintiff his unpaid overtime wages due under the New York Minimum Wage Act and the Regulations thereunder including 12 NYCRR § 142-2.2, together with maximum liquidated damages, prejudgment interest, costs and attorneys' fees pursuant to NYLL § 663;

(3) As to the Second Claim for Relief, award Plaintiff any and all outstanding (additional) wages, including overtime wages plus prejudgment interest, costs, disbursements and attorneys' fees pursuant to pursuant to NYLL § 198;

(4) As to the Second Claim for Relief, award Plaintiff damages arising out of violation of NYLL;

(5) As to the Third Claim for Relief, award Plaintiff his unpaid wages due under the FLSA, together with maximum liquidated damages, costs and attorneys' fees pursuant to 29 U.S.C. § 216(b);

(6) As to the Fourth Claim for Relief, award Plaintiff the quantum meruit value of his labor;

(7) As to the Fifth Claim for Relief, a declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. § 201 et seq., NYLL – 12 NYCRR § 142 and Article 6 of the NYLL § 190 et seq.;

(8) Award Plaintiff any relief requested or stated in the preceding paragraphs, but which has not been requested in the WHEREFORE clause or "PRAYER FOR RELIEF", in addition to the relief requested in the wherefore clause/prayer for relief;

(9) If liquidated damages pursuant to FLSA 29 U.S.C. § 216(b) are not awarded, an award of prejudgment interest pursuant to 28 U.S.C. § 1961;

(10) Award prejudgment interest pursuant to New York Civil Practice Law and Rules §§ 5001-02;

(11) Award post judgment interest pursuant to 28 U.S.C. § 1961 and/or the New York Civil Practice Law and Rules (CPLR) § 5003;

(12) Award attorneys' fees, costs and further expenses of this action pursuant to 29 U.S.C. § 216(b) and NYLL §§ 198(1)-(2) and 663(1);

(13) Award Plaintiff all other relief requested in this Complaint;

(14) Award Plaintiff other, further and different relief as the Court deems just and proper; and

(15) An injunction requiring Defendants to pay all statutorily required wages and cease the unlawful activity described herein pursuant to the NYLL.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Dated: July 14, 2021
      Brooklyn, New York

                            Respectfully submitted,

                            **MARZEC LAW FIRM, P.C.**

By:   */s/ Darius A. Marzec*
       Darius A. Marzec, Esq.
       Attorneys for Plaintiff
       KRZYSZTOF JAWORSKI and
       *COLLECTIVELY FOR ALL OTHER*
       *FORMER AND CURRENT EMPLOYEES*
       776A Manhattan Avenue, Suite 104
       Brooklyn, New York 11222
       (718) 609-0303
       dmarzec@marzeclaw.com