UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
KRZYSZTOF JAWORSKI, WIESLAW
PUZIO, KRZYSZTOF SUDOL, on behalf of
themselves and all others similarly situated,

       Plaintiff,

   - against -

INTEGRA DEVELOPMENT GROUP,
INC., JACOB WEISS, MEIR NITEKMAN,
APRIL BERNSTEIN, ARTHUR KLEIN,
ROBERT ALCARRA, AND MIRIAM
GESTETNER,

       Defendants.
----------------------------------------------------------- X

**MEMORANDUM DECISION AND ORDER**

21-cv-3991 (BMC)

**COGAN**, District Judge.

  Plaintiffs Krzysztof Jaworski, Wieslaw Puzio, and Krzysztof Sudol, current and former employees of Integra Development Group, Inc. ("Integra"), have sued Integra and its alleged owners, asserting violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL"), § 650 *et seq*. Before me is plaintiffs' motion for conditional approval to proceed with a collective action and for court-facilitated notice under the FLSA. See 29 U.S.C. § 216(b). For the below reasons, plaintiffs' motion is granted.

## BACKGROUND

  Integra, a Brooklyn-based construction company, has employed plaintiffs as construction workers during various time periods from 2011 up to and including the present. According to the complaint, plaintiffs were paid between $21 and $45 per hour. Plaintiffs allege that they were paid straight time for all hours over and above forty hours in a given week. Further, they

allege that they were often not compensated appropriately for travel time to and from worksites and that that they were not paid prevailing and/or union level wages on public works projects.

In seeking authorization to send notice of this action to other employees, plaintiffs have each submitted a declaration in support of this motion. The declarations are essentially the same. Each plaintiff avers that he was never paid overtime. Each plaintiff also avers that he "has spoken to other employees and they have advised they have not been paid overtime either." Finally, each plaintiff states that "there are approximately more than 11 other employees who worked with me doing the same job or continue to work for Defendants and [are] being underpaid in the same manner."

## DISCUSSION

The FLSA allows employees to bring a collective action to recover unpaid overtime compensation on behalf of themselves and similarly situated employees. See 29 U.S.C. § 216(b). As similarly situated employees can become plaintiffs only by filing written consent with the court, id., courts have discretion to facilitate notice to those employees. Hoffmann-La Roche, Inc. v. Sperling, 493 U.S. 165, 169 (1989). This process is often referred to as certification. See, e.g., Lianhua Weng v. Kung Fu Little Steamed Buns Ramen, Inc., No. 17-cv-273, 2018 WL 1737726, at *2 (S.D.N.Y. March 26, 2018). However, to distinguish it from certification of class actions under Federal Rule of Civil Procedure 23, I prefer to refer to it as approval to proceed with a collective action.

Courts in the Second Circuit conduct a two-step process when determining whether to approve a collective action. See Myers v. Hertz Corp., 624 F.3d 537, 554-55 (2d Cir. 2010). First, in a step referred to as conditional certification, the court "mak[es] an initial determination to send notice to potential opt-in plaintiffs who may be similarly situated to the named plaintiffs

with respect to whether a FLSA violation has occurred." Id. at 555 (quotation omitted). At the second step, "the district court will, on a fuller record, determine whether a so-called collective action may go forward by determining whether the plaintiffs who have opted in are in fact similarly situated to the named plaintiffs." Id. (quotation omitted). "A court may de-certify a collective action if it determines Plaintiffs fail to meet this requirement at the second stage." Lianhua Weng, 2018 WL 1737726, at *3 (citing Myers, 624 F.3d at 555).

This case is at the first step. Here, plaintiffs must "make a modest factual showing that [they] and potential opt-in plaintiffs together were victims of a common policy or plan that violated the law." Myers, 624 F.3d at 555 (quotation omitted). "[T]he focus of the inquiry is not on whether there has been an actual violation of law but rather on whether the proposed plaintiffs are similarly situated . . . with respect to their allegations that the law has been violated." Romero v. La Revise Assocs., LLC., 968 F. Supp. 2d 639, 645 (S.D.N.Y. 2013) (quotations omitted).

Specifically, plaintiffs "must show a factual nexus . . . between the plaintiff[s'] situation and the situation of other potential plaintiffs." Fernandez v. On Time Ready Mix, Inc., No. 14-cv-4306, 2014 WL 5252170, at *1 (E.D.N.Y. Oct. 4, 2014) (quotation omitted). Plaintiffs may demonstrate such a nexus through "pleadings, affidavits, and declarations." Id. And, as "the determination that the parties are similarly situated is merely a preliminary one that may be modified or reversed at the second certification stage," Anjum v. J.C. Penney Co., No. 13-cv-460, 2015 WL 3603973, at *5 (E.D.N.Y. June 5, 2015), courts have repeatedly emphasized that a plaintiff's burden is modest or minimal. See Myers, 624 F.3d at 555; Abdulzalieva v. Advanced Domino, Inc., No. 21-cv-124, 2021 WL 1648024, at *2 (E.D.N.Y. Apr. 27, 2021). The focus of

3

the first stage "is merely to determine whether similarly situated plaintiffs do in fact exist." Myers, 624 F.3d at 555 (quotation omitted).

Plaintiffs seek conditional approval to proceed with a collective action for a class of individuals that includes plaintiffs "and all similarly situated manual workers[1] who performed work for Defendants and did not receive overtime compensation for all hours worked over forty (40) in any given week." To succeed on their motion, plaintiffs must show that they are similarly situated to potential opt-in plaintiffs "with respect to the allegedly unlawful policy or practice." Hernandez v. City of New York, No. 16-cv-3445, 2017 WL 2829816, at *3 (S.D.N.Y. June 29, 2017) (quotations omitted).

Through their declarations, plaintiffs have made a sufficient showing, for purposes of the first step in a collective action, that their employer does not pay overtime to construction workers. See 29 U.S.C. § 207(a). Plaintiffs have submitted declarations based on their personal observations that corroborate each other's allegations. They have each alleged that they did not receive overtime compensation. They also claim to have personally observed this unlawful policy, and that the policy is enforced against co-workers. These co-workers also told plaintiffs that they never received overtime pay. See, e.g., Declaration of Krzysztof Jaworski (stating that he has "spoken to other employees and they advised they have they not been paid overtime either" and "were also not paid for travel time to and from a project worksite.").

It is true that any one of these declarations, standing alone, would be insufficient to warrant authorization to proceed as a collective action. As defendants point out, the statements in the declarations that "there are approximately more than 11 other employees who worked with

---

[1] Plaintiffs use the terms construction workers and manual workers interchangeably. I construe them to mean the same thing and refer to the same group of employees.

4

me doing the same job or continue to work for Defendants and being underpaid in the same manner" and that plaintiffs have "spoken to other employees" with no detail as to who, what and when, have little probative value. Nevertheless, the fact that there are three construction workers saying that each was not paid overtime is sufficient corroboration that Integra has a uniform policy of not paying overtime. Reading all three declarations together results in the functional equivalent of each plaintiff giving specifics about two other construction workers. At this initial stage, "the burden is so low that even one or two affidavits establishing the common plan may suffice." Kim v. 511 E. 5th St., LLC, 985 F. Supp. 2d 439, 445–46 (S.D.N.Y. 2013); see also Lubas v. JLS Grp., Inc., No. 18-cv-6611, 2020 WL 4210754, at *7 (E.D.N.Y. July 22, 2020) (approving conditional certification wherein the evidence consisted of similar declarations from each of five plaintiffs and noting that "where there are declarations from multiple plaintiffs, with each plaintiff corroborating or supporting each other's statements, even if somewhat thin on details, such proof is sufficient to meet the low factual threshold for FLSA collective certification"); Placinta v. Grazina Pilka, Inc., No. 16-cv-4272, 2018 WL 5024170, at *9, *14 (E.D.N.Y. Oct. 05, 2018) (granting motion for conditional certification where there were multiple affidavits corroborating each other's statements even though the factual record proffered was "ultimately quite thin on facts"); Garcia v. Spectrum of Creations, Inc., 102 F. Supp. 3d 541, 548-49 (S.D.N.Y. 2015) (approving limited collective action where affidavits of two employees "corroborate[d] each others' personal treatment and observations of the treatment of other employees" despite noting that "[w]hile it would be helpful to have the time and dates of conversations, it is not surprising that plaintiffs would be unable to recall such specifics"). Colon v. Major Perry St. Corp., No. 12-cv-3788, 2013 WL 3328223, at *6 (S.D.N.Y. July 2, 2013) ("[I]t is beyond dispute that courts regularly determine that two or three declarations

5

corroborating each other constitute a sufficient amount of evidence to conditionally certify a collective action under the FLSA.").

In addition, defendants argue that I cannot approve the collective action because this Court lacks jurisdiction over plaintiffs' prevailing wage claims. Although each of the plaintiffs has asserted his own prevailing wage claim, I do not read plaintiffs' motion as seeking approval of a collective on that basis. Plaintiffs express the proposed collective as consisting of construction workers who "did not receive overtime compensation for all hours worked over forty (40) in any given week." Thus, the only commonality upon which I am approving the sending of notice is the alleged policy of failing to pay overtime. Any claims of the individual plaintiffs for prevailing wages or other claims will await further litigation. Of course, it follows from this that plaintiffs must not mention their claims for prevailing wages or other claims in the notice to the collective.

Finally, defendants contend that a collective of "construction workers" is too general to permit approval. They point out that not all construction workers do the same work. For example, there may be construction workers who are bricklayers and others who are glazers. However, potential members of the proposed collective need not be identical in every respect so long as all are similarly subject to the same unlawful policy or practice. See Taveras v. D & J Real Estate Mgmt. II, LLC, 324 F.R.D. 39, 41 (S.D.N.Y. 2018) ("[D]ifferent job titles may be included within a conditional collective if there is evidence that plaintiffs may be similarly situated as to a common policy to violate the FLSA."). Here, we are concerned with anyone who fits the job description of construction worker.

Additionally, plaintiffs have proposed a form of notice. Although defendants have objected to a few specifics in plaintiffs' proposed notice, they also have requested the

opportunity to confer with plaintiffs about the notice if I approve the collective, which I now have.  I will permit the parties to confer.

I will note, however, that notwithstanding a conflict among the district courts in this Circuit, I have previously expressed the view that the collective must only consist of construction workers who were employed within three years of the date of the notice, the applicable limitations period under the FLSA, see 29 U.S.C. § 255(a), not the longer six-year limitation period under the NYLL.  See Rosa v. Dhillon, No. 20-cv-3672, 2020 WL 7343071, at *8 (E.D.N.Y. Dec. 14, 2020).

## CONCLUSION

Plaintiffs' motion for preliminary approval of a collective action is granted.  Within 14 days from entry of this Order, defendants shall produce a computer-readable data file including the full names, dates of employment, locations of employment, positions held, and the known email and mailing addresses of the putative collective.  Within 7 days from entry of this Order, the parties are to submit a revised proposed Notice of Pendency and Consent to Join Form that complies with this decision.  Within 21 days of the Court's approval of the notice, plaintiffs shall cause a copy of the Notice of Pendency and Consent to Join form to be disseminated to the putative collective.

**SO ORDERED.**

Digitally signed by Brian M. Cogan
_____
U.S.D.J.

Dated: Brooklyn, New York
       November 28, 2021